IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

FILED _____ LODGED
RECEIVED _____ COPY

NOV 2 2 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

STEVEN GROVO, Pro se,
      Plaintiff,

v.

HEALTH SERVICES ADMINISTRATOR,
MS. BASS, UNITED STATES PENITENTIARY-
TUCSON, IN HER INDIVIDUAL AND OFFICIAL
CAPACITY,
      Defendant.

§
§
§ Case No.
§
§ COMPLAINT, PURSUANT TO THE
§ FEDERAL DECLARATORY JUDGMENTS
§ ACT, TITLE 28 U.S.C. §2201
§
§    CV-21-481-TUC-JGZ-PSOT
§

## Introduction

This is a pro se civil rights action filed by Steven Grovo, a federal prisoner, confined at the United States Penitentiary-Tucson, (USP-Tucson), a federal correctional facility owned and operated by the United States Department of Justice, Federal Bureau of Prisons. Steven Grovo is alleging a denial of medical care in violation of the Eighth Amendment of the United States Constitution. The Plaintiff brings this action pursuant to the Federal Declaratory Judgments Act, codified in Title 28 of the United States Code, §2201, seeking declaratory relief.

## Jurisdiction

1). The Court has jurisdiction over the Plaintiff's claims of violation of federal Constitutional rights under Title 42 of the United States Code, §§1331(1) and 1343.

## Parties

2). The Plaintiff, Steven Grovo was incarcerated in a facility owned and operated by the United States Department of Justice, Federal Bureau of Prisons during the events described in this complaint. Currently, the Plaintiff is confined at the United States Penitentiary-Tucson, (USP-Tucson).

(1).

3).   The Defendant, Health Services Administrator, Ms. Bass, (HSA Bass), is the Health Services Administrator at (USP-Tucson). She is sued in her individual and official capacity for declaratory releif.

## Factual Allegations

4).   On or about Janaury 30, 2020, the Plaintiff was transported to a hospital in Philedalphia, Pennsylvania due to breathing difficulties.

5).   The following day, the plaintiff underwent an emergency surgery due to Subglotic Tracheal Stenosis.

6).   The surgery was without any major complications, and approximately seven (7) days later, the Plaintiff was transferred to a nursing home, (Cumberland Manor), in Southern New Jersey.

7).   While at Cumberland Manor, the Plaintiff experienced the first of many bouts of bleeding from the trach, and was transported to a local hospital to ensure that the bleeding was not indicative of something more serious.

8).   After approximately thirty (30) days in the Cumberland Manor, the Plaintiff was transported to the Federal Medical Center, in Devons, Massachusetts, and for reasons unknown he was placed in the Special Housing Unit, (Solitary Confinement).

9).   At the time of the Plaintiff's arrival and placement in solitary confinement at the Federal Medical Center, the Plaintiff's pain medication was discontinued, without explanation, and in spite of the fact that the Plaintiff was in substantial pain due to the surgical procedure.

10).   In or about July of 2020, the plaintiff had his one and

(2).

only oppointment with any specialist, (not an Ear, Nose and Throat Specialist) as the Plaintiff's condition requires, but instead a thyroid specialist who had no clinical understanding of the Plaintiff's condition, and insisted that the Plaintiff "talk", and the Plaintiff wasn't able to due to his condition.

11).   The Plaintiff has been denied the services of a specialist, since July of 2020, in spite of his repeated request for information about his condition, and for follow up appointments, which his condition obviously requires.

12).   While the Plaintiff was confined at the Federal Medical Center in Devons, Massachusetts, he was informed by his assigned Clinical Psychologist, Dr. Gorham, that the Plaintiff was being denied "continuation of treatment" by the Clinical Director of Health Services, Ms. Shaw, because of an incident report that the Plaintiff received for misuse of the telephone.

13).   Immediately following the Plaintiff's attempt at administrative remedies, (BP-8, Informal, BP-9, Formal to the Warden, and BP-10, formal complaint to Regional Director of the Federal Bureau of Prisons), regarding the delay and outright  denial of medical treatment for his condition, the Plaintiff was transferred across the country, to where he is presently confined, (USP-Tucson).

14).   The Plaintiff alleges that being confined in Arizona, in the desert, causes extreme aggravation, pain and discomfort due to his condition, and that he is bleeding on a daily basis from his trach, and that he is unable to get any rest, because he is constantly coughing.

15).   The Plaintiff further alleges that he has coughed so hard that he has developed two hernias in recent weeks.

16).   The Plaintiff has gone above and beyond in his attempts to resolve his medical issues with the Federal Bureau of Prisons, and that his administrative remedies are continuously rejected, and not responded to.

17).   The Plaintiff alleges that Federal Bureau of Prisons Executive Staff, as well as medical staff, have ignored his complaints, and his administrative remedies in order to avoid treating him.

18).   The Plaintiff alleges that nursing staff in Health Services at USP-Tucson have told him that he would be sent to an Ear, Nose and throat Specialist by December of 2021, and then recently he was told that it wouldn't be until August of 2022.

## Causes Of Action

**First Cause Of Action**: The Plaintiff alleges that the Defendant, HSA Bass is aware of his condition, and is denying him necessary medical care to treat his condition, that the Defendant is deliberately indifferent to the Plaintiff's serious medical needs, and that her actions of denying treatment to the Plaintiff, since his arrival at USP-Tucson in May of 2021, constitutes a violation of the Eighth Amendment of the United States Constitution, Cruel and Unusual Punishment.

## Relief Sought

The Plaintiff seeks a declaratory judgment, through the Federal Declaratory Judgments Act, codified in Title 28 of the United States Code, Section 2201, which provides in part that, "in a case of actual controversy within its jurisdiction..." "Any Court of the United States..." "May declare the rights and other legal relations of any interested party seeking such declaration." The Plaintiff is

(4).

requesting that this Court issue a declaratory judgment stating that his rights to adequate medical care are being denied in violation of the Eighth Amendment to the United States Constitution, and that this denial of adequate medical care constitutes Cruel and Unusual Punishment.

## Declaration Under Penalty Of Perjury

I, Steven Grovo, herby certify that the factual allegations claimed in this action are true to the best of my knowledge, information and belief, under penalty of perjury codified in Title 28 of the United States Code, Section 1746.

Signed this 26 day of _October_____,2021.

_Steven Grovo_____
Steven Grovo
United States Penitentiary-Tucson
P.O. Box 24550
Tucson, Arizona 85734

(5).